#### UNITED STATES DISTRICT COURT
#### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

KATHLEEN PRACHT,

        Plaintiff,

v.                                                                Case No:    6:24-cv-856-LHP

PROVIDENCE PASS MINISTRIES,
LLC, JENNIFER DEL-GIUDICE and
WILLIAM DEL-GIUDICE,

        Defendants

---

### ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO DISMISS COUNT IV OF SECOND AMENDED COMPLAINT (Doc. No. 42)**
>
> **FILED:** August 9, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

### I.   BACKGROUND

On May 7, 2024, Plaintiff Kathleen Pracht ("Pracht") filed a complaint against Defendant Providence Pass Ministries, LLC ("Providence") alleging claims for

unpaid minimum wages under the Fair Labor Standards Act ("FLSA"), for unpaid wages under Fla. Stat. § 448.08, and for breach of contract.  Doc. No. 1. Providence moved to dismiss the complaint for lack of subject matter jurisdiction, (Doc. No. 13), but before that motion was ruled upon, Pracht filed an amended complaint asserting the same three claims and adding two Defendants:  Jennifer Del-Giudice ("J Del-Guidice") and William Del-Giudice ("W Del-Giudice"), with the FLSA claim against all Defendants and the state law claims against Providence alone.   Doc. No. 20.   In sum, Pracht contends that she entered into an employment contract with Defendants and performed services as an employee of Defendants from approximately April 2023 to November 2023, but Defendants failed to pay Pracht for work performed.  *Id.*

Defendants did not renew their motion to dismiss.   Instead, on June 27, 2024, Defendants answered the amended complaint and asserted counterclaims against Pracht for breach of contract and unjust enrichment, alleging that Defendants and Pracht entered into a legally binding contract for Pracht to provide mental health services, that Pracht overbilled for work she performed and billed for work she did not perform, and that Pracht engaged in "other unscrupulous acts" and failed to timely submit invoices and provide clinical patient notes, all of which constituted a breach of the contract.   Doc. No. 23, at 10–14.   In response, Pracht filed a reply and counter-counterclaim, alleging that Defendants' counterclaims constituted

unlawful retaliation in violation of the FLSA.  Doc. No. 26.  And on July 17, 2024, Defendants moved to dismiss the counter-counterclaim, arguing that Pracht failed to allege that Defendants' counterclaims were "baseless," or "frivolous" as required to plausibly allege a claim for FLSA retaliation.  Doc. No. 28, at 3–5.

Also on July 17, 2024, the parties consented to participation in the Court's IDEAL Program and consented to the undersigned's jurisdiction.  Doc. Nos. 27, 29–31; *see also* Doc. Nos. 11, 19, 24.  Following transfer of the case to the undersigned, a pretrial conference was held with the parties on July 24, 2024.  Doc. Nos. 32–33.  The Court thereafter entered an Order denying as moot both of Defendants' motions to dismiss (Doc. Nos. 13, 28), striking Pracht's counter-counterclaim (Doc. No. 26), directing Pracht to file a second amended complaint by August 5, 2024 to include any potential FLSA retaliation claims, and establishing a response and briefing schedule in relation to the anticipated amended pleading.  Doc. No. 35.  The Court also issued an IDEAL Case Management and Scheduling Order ("IDEAL CMSO") on July 25, 2024.  Doc. No. 36.

Pracht timely-filed her second amended complaint on July 29, 2024, alleging four claims: unpaid minimum wages under the FLSA as to all Defendants (Count I); unpaid wages under Fla. Stat. § 448.08 as to Providence (Count II); breach of contract as to Providence (Count III); and FLSA retaliation as to all Defendants (Count IV).  Doc. No. 37.  Defendants filed their answer and affirmative defenses

with respect to Counts I–III on August 6, 2024, along with the same two counterclaims for breach of contract and unjust enrichment. Doc. No. 38. Pracht filed her reply to the counterclaims on August 8, 2024.

As to the FLSA retaliation claim, Defendants filed a motion to dismiss on August 9, 2024, again arguing that Pracht has failed to sufficiently allege a plausible claim for relief. Doc. No. 42. Pracht timely-filed her response in opposition on August 30, 2024, and the motion is now ripe for disposition. Upon consideration, the motion to dismiss (Doc. No. 42) is due to be **GRANTED**, and the FLSA retaliation claim will be **DISMISSED**.

## II.  LEGAL STANDARD

While Defendants do not expressly state as much, it is clear that their motion to dismiss is brought under Fed. R. Civ. P. 12(b)(6) on the basis that Pracht has failed to state a claim for relief. Doc. No. 42. Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A pleading must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

To state a *prima facie* claim for retaliation under the FLSA, a plaintiff must allege the following: (1) she engaged in an activity protected under the FLSA; (2) she subsequently suffered an adverse action by the employer; and (3) the employer's adverse action was causally connected to the protected activity. *Serra v. Shriners Hosps. for Child., Inc.* ("*Serra I*"), No. 8:18-cv-2682-T-33AAS, 2019 WL 857980, at *2 (M.D. Fla. Feb. 22, 2019) (citing *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000)). The filing of a counterclaim may constitute an adverse action if it was filed with a retaliatory motive and lacks a reasonable basis in law or fact. *Smith v. Miami-Dade Cnty.*, 621 F. App'x 955, 960 (11th Cir. 2015);[1] *Sederquist v. Indus. Eng'g & Dev., Inc.*, No. 8:11-cv-1084-T-26AEP, 2011 WL 3331307, at *2 (M.D. Fla. Aug. 3, 2011).

With respect to her retaliation claim, Pracht's second amended complaint contains the following relevant allegations:

> 9. Plaintiff was employed by Defendants from approximately April 2023 to November 2023. At all times material to this case, Plaintiff worked for Defendants as a Clinical Director.

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

******

14. Plaintiff never received pay from Defendant's for work performed.

15. Defendants failed to pay the applicable minimum wage for all hours worked.   In addition, Defendants have failed to pay Plaintiff the promised wages for her time worked.

16. Plaintiff has repeatedly requested her unpaid wages from Defendants and to date she has not been compensated.

17. Plaintiff engaged in protective activity by filing her Complaint in this action.

18. Defendant filed a Counterclaim in this action designed to dissuade Plaintiff and other employees of Defendant from bringing or supporting claims under the Fair Labor Standards Act.

19. Therefore, Plaintiff has suffered an adverse employment action.

20. The filing of the Counterclaim by Defendant is casually related to Plaintiff asserting her protected rights under the FLSA as Defendant could have brought these claims at, during or after her employment with Defendant but was only motivated in doing so when Plaintiff asserted her FLSA rights in this action.

******

34. Plaintiff engaged in protected activity by filing her lawsuit.

35. The Counterclaims asserted against Plaintiff were retaliatory.

36. The above-described actions of Defendant constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

>    37. As a result of Defendant's unlawful acts against Plaintiff, she has and will continue to incur damages as well as attorneys' fees and costs.
> 
>    38. Plaintiff has suffered damages including but not limited to the time, expense and emotional drain that comes with having to defend a retaliatory Counterclaim.
> 
>    39. Plaintiff has been required to retain the undersigned counsel and is obligated to pay them a reasonable fee for their services.

Doc. No. 37, at 3–5, 8.

While acknowledging that the filing of a counterclaim by a defendant employer can constitute FLSA retaliation, Defendants argue that Pracht fails to state a claim because Pracht has not sufficiently alleged that the breach of contract and unjust enrichment counterclaims are frivolous or baseless.  Doc. No. 42, at 4, 5–6.[2] The Court agrees.

---

[2] Defendants also argue that Pracht's retaliation claim should be dismissed because Pracht: (1) fails to identify the precise section of the FLSA under which Pracht brings her retaliation claim; (2) fails to allege that filing a counterclaim amounts to "discharge or other means of discrimination"; (3) fails to proffer any evidence that the counterclaims were retaliatory; and (4) fails to plead retaliatory animus or proximity in time, and therefore fails to plead a causal connection. Doc. No. 42, at 2–5. Applying the liberal notice pleading standards of *Twombly* and its progeny, the Court finds each of these arguments unpersuasive. It is clear to the Court and to Defendants that Pracht is pursuing her retaliation claim under 29 U.S.C. § 215(a)(3) — indeed Defendants have had no difficulty in reaching this conclusion and raising arguments attacking Pracht's claim under this statute. It is also equally clear to the Court that Pracht has sufficiently alleged – at least at the motion to dismiss stage - an adverse employment action under applicable legal authority, that the counterclaims were retaliatory in nature, and that a causal connection via temporal proximity exists. *See* Doc. No. 37, ¶¶ 17–20.

Pracht's second amended complaint is wholly devoid of any allegations that Defendants' counterclaims are either frivolous or baseless, nor does the pleading allege — as the Eleventh Circuit has held (in an unpublished decision) — that the counterclaims lack a reasonable basis in law or fact.  Rather, all that Pracht alleges is that she engaged in protected activity, that Defendants filed counterclaims designed to dissuade Pracht and others from asserting FLSA claims, and that a causal connection exists between Pracht's complaint and the counterclaims.  Doc. No. 37, ¶¶ 17–20.  This is not enough to establish an FLSA retaliation claim in this case.  *See Smith*, 621 F. App'x at 960 (affirming dismissal of retaliation claim based on filing of counterclaims where plaintiff failed to allege that the defendant "had no reasonable basis in fact or law to file a counterclaim in the first place"); *Serra v. Shriners Hosps. for Child., Inc. ("Serra II")*, No. 8:18-cv-2682-T-33AAS, 2019 WL 1558751, at *2 (M.D. Fla. Apr. 10, 2019) (dismissing FLSA retaliation claim where plaintiff failed to allege that the counterclaims lacked a reasonable basis in law or fact, merely alleging that the counterclaims would ultimately fail on their merits was not enough); *Wendel v. Int'l Real Est. News, LLC*, No. 19-21658-CIV, 2020 WL 9597825, at *2–3 (S.D. Fla. Mar. 3, 2020), *report and recommendation adopted sub nom.*, 2020 WL 9552160 (S.D. Fla. Mar. 19, 2020) ("[T]o survive a motion to dismiss, Plaintiff need only allege plausible facts that the counterclaim was retaliatory and lacks a reasonable basis. . . .  Plaintiff only alleges that Defendant filed his

- 8 -

'retaliatory' counterclaim 'in order to intimidate and dissuade her from pursuing' her lawsuit. This conclusory statement lacks sufficient facts to demonstrate how Defendant's counterclaim is baseless in law or fact. Accordingly, Plaintiff has not demonstrated that the counterclaim is an adverse action under the . . . second prong of a FSLA retaliation claim." (citations omitted)). *See also Kentish v. Madahcom, Inc.*, 566 F. Supp. 2d 1343, 1348 (M.D. Fla. 2008) (rejecting proposed amendment asserting FLSA retaliation claim, in part, because plaintiff did not allege that counterclaim was filed without reasonable basis in fact or law).

The absence of these necessary allegations is even more notable given that Pracht has been on notice of this deficiency since the filing of her original counter-counterclaim. Defendants raised these identical arguments in their first motion to dismiss the FLSA retaliation claim. *See* Doc. No. 28. And the Court afforded Pracht an opportunity to file a second amended complaint for the specific purpose of including any FLSA retaliation claims. Doc. No. 35. Yet Pracht simply reasserted the same claim with the same insufficient allegations. *Compare* Doc. No. 26, ¶¶ 24–35 *with* Doc. No. 37, ¶¶ 17–21, 33–39. Moreover, the Court notes that in response to the present motion to dismiss, Pracht recites the legal authority that an FLSA retaliation claim must allege that the counterclaim "was lacking a reasonable

basis in fact or law," yet otherwise fails to address this requirement in her response. *See* Doc. No. 43, at 5.[3]

Because Pracht has failed to allege a plausible *prima facie* claim for FLSA retaliation, Defendants' motion to dismiss is due to be granted. And because the Court previously provided Pracht leave to file an amended complaint, because Pracht was previously on notice about this specific deficiency in her claim, and because Pracht does not request as alternative relief leave to file a third amended complaint, the dismissal will be without further leave to amend. *See, e.g.*, *Serra II*, 2019 WL 1558751, at *2 (dismissing with prejudice FLSA retaliation claim where plaintiff failed to allege that counterclaims lacked a reasonable basis in fact or law and where plaintiff was previously given leave to amend); *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who

---

[3] In her response, Pracht cites to *Pell v. Ravago Americas LLC*, No. 6:17-cv-949-CEM-TBS (M.D. Fla. Doc. No. 31, Aug. 22, 2018). *Pell* is distinguishable and therefore unpersuasive because, unlike the present case, the plaintiff in *Pell* clearly alleged that the counterclaims "lack reasonable legal and/or factual basis." *Id.*, Doc. No. 24, ¶ 26. Despite being on notice of this requirement, Pracht chose not to include such allegations in her second amended complaint.

is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").[4]

## IV. CONCLUSION

For these reasons, Defendants' Motion to Dismiss Count IV of Second Amended Complaint (Doc. No. 42) is **GRANTED**, and Plaintiff's FLSA retaliation claim (Doc. No. 37, Count IV) is **DISMISSED**. The discovery stay (*see* Doc. No. 36, at 3–4) is **LIFTED**, and the deadlines set forth in the IDEAL CMSO are now in full force and effect. Doc. No. 36. The Court will set a status conference as contemplated by the IDEAL CMSO, *see id.*, at 7, by separate notice.

---

[4] And even if Pracht had made such a request, the Court questions whether further amendment would be futile. It is clear from the allegations of the second amended complaint and the counterclaims that many of the claims center around the terms and conditions of the employment/services contract between the parties. It is further clear from the operative pleadings that there are factual disputes over the nature of the contract between the parties and whether and to what extent services were performed under the contract, and that the parties will likely rely on the same witnesses and substantially the same evidence to support their respective claims. Thus, it is highly likely that these counterclaims are compulsory, and therefore are neither frivolous nor lacking in a reasonable basis in law or fact. *See Serra I*, 2019 WL 857980, at *2–3 (finding, in FLSA case, that counterclaims for fraudulent misrepresentation and breach of a separation agreement's covenant of good faith and fair dealing involved similar witnesses and evidence, are offshoots of the same basic controversy between the parties and the same operative facts served as the basis for all claims, therefore the counterclaims were compulsory); *Serra II*, 2019 WL 1558751, at *2 (dismissing FLSA retaliation claim in part based on finding that the counterclaims were compulsory). *See also Sokoloff v. Bio World Merch., Inc.*, No. 3:22-cv-12 (CDL), 2023 WL 3485247, at *2 (M.D. Ga. May 16, 2023) (denying leave to amend to allege FLSA retaliation claim where it was not apparent from the face of the counterclaim that it had no reasonable basis in fact or law).

**DONE** and **ORDERED** in Orlando, Florida on September 10, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties